**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-20-0000278**
**13-AUG-2024**
**08:33 AM**
**Dkt. 75 SO**

NOS. CAAP-20-0000278 AND CAAP-20-0000280

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

**CAAP-20-0000278**
WILMA KEHAULANI WARD and RONALD WARD,
Appellants-Appellants, v. CITY AND COUNTY OF
HONOLULU BUILDING BOARD OF APPEALS; DAWN TAKEUCHI APUNA, as
Director of the City and County of Honolulu Department of
Permitting and Planning,[1] Appellees-Appellees,
and
TRUSTEES OF THE ESTATE OF BERNICE PAUAHI BISHOP dba
Kamehameha Schools, Intervenor-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CC191000601)

and

**CAAP-20-0000280**
WILMA KEHAULANI WARD and RONALD WARD,
Appellants-Appellants, v. CITY AND COUNTY OF HONOLULU
ZONING BOARD OF APPEALS; DAWN TAKEUCHI APUNA, as Director of the
City and County of Honolulu Department of Permitting and
Planning; TRUSTEES OF THE ESTATE OF BERNICE PAUAHI BISHOP dba
Kamehameha Schools, Appellees-Appellees,

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CC191000635)

---

[1]     Dawn Takeuchi Apuna, the current director of planning and permitting, is substituted for former director Kathy K. Sokugawa.  Hawaiʻi Rules of Appellate Procedure Rule 43(c)(1).

**SUMMARY DISPOSITION ORDER**
(By: Hiraoka, Presiding Judge, Wadsworth and McCullen, JJ.)

Wilma Kehaulani Ward and Ronald Ward (the **Wards**) appeal from the **(1)** Final Judgment for the **City** and County of Honolulu Building Board of Appeals (**BBA**), the Director of the City Department of Planning and Permitting (**DPP**), and Kamehameha Schools (**KS**) in 1CC191000601, and **(2)** Final Judgment for the City Zoning Board of Appeals (**ZBA**), DPP, and KS in 1CC191000635. We affirm.

The Wards own property behind the Haleʻiwa **Store Lots**. KS owns the Store Lots, which front Kamehameha Highway. The Wards claim the Store Lots block access between their property and Kamehameha Highway. On December 12, 2017, the Wards petitioned the DPP for declarations that: (1) KS violated the **Unilateral Agreement** and Declaration for Conditional Zoning;[2] (2) KS breached representations made in its Special District **Permit Application**; and (3) the DPP must inform the City Council of KS's breaches, and remedy them.

The DPP issued a **Decision and Order** on April 13, 2018. It declined to make a declaratory ruling. It informed the Wards they could appeal to the ZBA. It also forwarded the Wards' petition to its Customer Service and Land Use Permits divisions to investigate and respond if violations were found.

The DPP's Customer Service and Land Use Permits divisions conducted an investigation. The DPP reported the results by **Letter** dated August 31, 2018. It found "no violation of any agreement, ordinance, or other law enforceable by the City," and that "KS has taken reasonable steps to accommodate access for the Wards and the other parcels behind the [Store Lots]."

The Wards appealed the DPP's April 13, 2018 Decision and Order (to not issue a declaratory ruling) to the BBA on

―――――――――――

[2] The Unilateral Agreement was recorded in the Bureau of Conveyances on September 27, 2012, as a condition of the city council's approval of a zoning change needed for KS to develop the Store Lots.

May 11, 2018.  The BBA dismissed the appeal for lack of jurisdiction.  The Wards appealed to the Circuit Court of the First Circuit.  The circuit court affirmed.  The Final Judgment was entered on March 10, 2020.[3]  The Wards appealed, creating CAAP-20-0000278.

The Wards appealed the DPP's August 31, 2018 Letter (finding no violation by KS) to the ZBA.  The ZBA dismissed the appeal for lack of jurisdiction.  The Wards appealed to the circuit court.  The circuit court affirmed.  The Final Judgment was entered on March 10, 2020.[4]  The Wards appealed, creating CAAP-20-0000280.

We consolidated the appeals.  We review the circuit court's decisions on the Wards' appeals as secondary appeals; we apply the standards in Hawaii Revised Statutes (**HRS**) § 91-14(g) to the BBA's and ZBA's decisions to determine whether the circuit court was right or wrong.[5]  Flores v. Bd. of Land & Nat. Res., 143 Hawaiʻi 114, 120, 424 P.3d 469, 475 (2018).  The existence of jurisdiction is a question of law reviewed de novo under the right/wrong standard.  Hoku Lele, LLC v. City & Cnty. of Honolulu, 129 Hawaiʻi 164, 166, 296 P.3d 1072, 1074 (App. 2013).

**(1)**  The BBA has jurisdiction over appeals from decisions "in the administration of the Building Code, Electrical Code, Plumbing Code, Housing Code, Building Energy Efficiency Standards, and [Revised Ordinances of Honolulu (**ROH**)] Chapter 18, 1990, (Fees and Permits for Building, Electrical, Plumbing and Sidewalk Codes)[.]"  ROH § 16-1.1 (1990).  The DPP's April 13, 2018 Decision and Order declined to declare whether KS violated the Unilateral Agreement or breached representations made in its

---

[3]     The Honorable Bert I. Ayabe presided.

[4]     The Honorable Bert I. Ayabe presided.

[5]     The Wards' statements of the points of error challenge the circuit court's conclusions of law, rather than those of the BBA or ZBA.  In an HRS § 91-14 secondary appeal, we review the *agency's* findings and conclusions to determine whether the circuit court was right or wrong in affirming or vacating the agency's decision.  Sierra Club v. Bd. of Land & Nat. Res., 154 Hawaiʻi 264, 284, 550 P.3d 230, 250 (App. 2024).

Permit Application.  It was not a decision administering the Building Code, Electrical Code, Plumbing Code, Housing Code, Building Energy Efficiency Standards, or fees or permits for Building, Electrical, Plumbing, or Sidewalk Codes.  The BBA's conclusion that it lacked jurisdiction over the Wards' appeal was right.  The circuit court was right to affirm the BBA.

**(2)**  The ZBA has jurisdiction over appeals "from the *actions of the director* [of planning and permitting] in the administration of the zoning ordinances, including variances therefrom, subdivision ordinances and any rules and regulations adopted pursuant to either."  Revised Charter of the City and County of Honolulu (2017) § 6-1516 (emphasis added).

The Wards are correct that "actions of the director" over which the ZBA has jurisdiction include "a decision rendered on a petition for declaratory ruling[.]"  Rules of the Zoning Board of Appeals (**ZBA Rules**) § 21-1 (1997).  The ZBA found that the Wards filed a separate ZBA appeal from DPP's April 13, 2018 Decision and Order declining to make a declaratory ruling.  The Wards do not challenge that finding; the ZBA apparently had jurisdiction over *that* appeal.  *This* appeal concerns the DPP's August 31, 2018 Letter.  The Letter told the Wards that KS did not violate the Unilateral Agreement or its Permit Application. The Letter was not an "action of the director" as defined by ZBA Rules § 21-1.[6]  See Hoku Lele, 129 Hawaiʻi at 169, 296 P.3d at 1077.  The ZBA's conclusion that it lacked jurisdiction over the Wards' appeal was right.  The circuit court was right to affirm the ZBA.

---

[6]    ZBA Rules § 21-1 (1998) provides, in relevant part:

"Action of the director" means a decision rendered on an application pursuant to the Land Use Ordinance or the Subdivision Ordinance; a decision rendered on a request for a zoning variance; a decision rendered on a petition for declaratory ruling; a decision rendered on a request for reconsideration, pursuant to part 1, chapter 4, Rules of Practice and Procedures of the department of land utilization; and an enforcement order pursuant to section 8.60-2 of the Land Use Ordinance.

4

For these reasons, the circuit court's March 10, 2020 Final Judgment in 1CC191000601 and March 10, 2020 Final Judgment in 1CC191000635 are affirmed.

DATED: Honolulu, Hawaiʻi, August 13, 2024.

On the briefs:

Margery S. Bronster,
Sunny S. Lee,
Jenna L. Durr,
for Wilma Kehaulani Ward
and Ronald Ward.

Molly A. Stebbins,
Deputy Corporation Counsel,
for Dawn Takeuchi Apuna, as
Director of the City and
County of Honolulu Department
of Planning and Permitting.

Dennis W. Chong Kee,
W. Keoni Shultz,
Mallory T. Martin,
for Intervenor-Appellee
Trustees of the Estate
of Bernice Pauahi Bishop,
dba Kamehameha Schools.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge